UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KRYSTAL B.,

           Plaintiff,

    v.                                                       **DECISION AND ORDER**

                                                                        19-CV-1727S

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.
_____

        1.        Plaintiff Krystal B.[1] brings this action pursuant to the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security that denied her applications for supplemental security income and disability insurance benefits under Titles II and XVI of the Act.  (Docket No. 1.)  This Court has jurisdiction over this action under 42 U.S.C. § 405(g).

        2.        Plaintiff protectively filed her applications with the Social Security Administration on November 2, 2016.  Plaintiff alleged disability beginning September 9, 2016, due to spinal disorder and obesity.  Plaintiff's applications were denied, and she thereafter requested a hearing before an administrative law judge ("ALJ").

        3.        On September 17, 2018, ALJ Benjamin Chaykin held a video hearing at which Plaintiff—represented by counsel—and Vocational Expert Larry Underwood appeared and testified.  (R.[2] at 28-60.)  At the time of the hearing, Plaintiff was 33 years

---

[1]In accordance with this Court's Standing Order of November 18, 2020, and consistent with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, this Decision and Order will identify Plaintiff by first name and last initial.

[2]Citations to the underlying administrative record are designated as "R."

old and had a high school education. Plaintiff had prior work as a kitchen helper (medium exertion), cook (medium exertion work performed as heavy). (R. at 21.)

4. The ALJ considered the case *de novo* and, on January 28, 2019, issued a written decision denying Plaintiff's applications for benefits. After the Appeals Council denied Plaintiff's request to review the ALJ's decision, she filed the current action, challenging the Commissioner's final decision.[3] (Docket No. 1.)

5. Both parties moved for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (Docket Nos. 8, 9.) Plaintiff filed a response on October 6, 2020 (Docket No. 10), at which time this Court took the motions under advisement without oral argument. For the reasons that follow, Plaintiff's motion (Docket No. 8) is granted, and Defendant's motion (Docket No. 9) is denied.

6. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 389, 91 S.Ct. 1420, 26 L.Ed.2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the

---

[3]The ALJ's January 28, 2019, decision became the Commissioner's final decision on this matter when the Appeals Council denied Plaintiff's request for review.

Commissioner's conclusion must be upheld.  See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

7. "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  Williams ex rel. Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review."  Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

8. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act.  See 20 C.F.R. §§ 404.1520, 416.920.  The Supreme Court of the United States recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled.  482 U.S. 137, 140-142, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987).

9. The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If [s]he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits [her] physical

3

>or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.  If the claimant has such an impairment, the [Commissioner] will consider [her] disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity.  Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, [s]he has the residual functional capacity to perform [her] past work.  Finally, if the claimant is unable to perform [her] past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. § 404.1520; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

  10. Although the claimant has the burden of proof on the first four steps, the Commissioner has the burden of proof on the fifth and final step.  See Bowen, supra, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984).  The final step is divided into two parts.  First, the Commissioner must assess the claimant's job qualifications by considering her physical ability, age, education, and work experience.  Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform.  See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); see also Heckler v. Campbell, 461 U.S. 458, 460, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983).

  11. The ALJ analyzed Plaintiff's claim for benefits under the process set forth above.  At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since September 9, 2016, the onset date.  (R. at 18.)  At step two, the ALJ found that Plaintiff has the following severe impairment:  spinal disorder and obesity.  Id. at 18.

Plaintiff was 5'6" tall and weighed 200 pounds with a body mass index of 32.3 (R. at 18). At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals any impairment(s) listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Id.

12. Next, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work except limited in occasional climbing of ropes, scaffolds, or ladders, occasional climbing of ramps or stairs, and occasional stooping, crouching, balancing, kneeling, or crawling. (R. at 18.)

13. At step four, the ALJ found Plaintiff is unable to perform any past relevant work. (R. at 21.) At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (R. at 22.) Since Plaintiff could not perform all the requirements of light work, the ALJ posed hypotheticals to the vocational expert. Using Plaintiff's age, education, and employment experience, the vocational expert opined that the hypothetical claimant like Plaintiff could perform such occupations as microfilming document preparer, laminator, and eyeglass frame polisher (all sedentary exertion work). (R. at 22.) Accordingly, the ALJ found that Plaintiff is not disabled. (R. at 23.)

14. Plaintiff argues that the RFC determination is not supported by substantial evidence because the ALJ erred in granting little weight to the opinion of chiropractor Dr. Thomas Taylor and finding the RFC based on vague consultative examination report by Dr. Nikita Dave (Docket No. 8, Pl. Memo. at 11-14, 14-18; R. at 295-97, 21). For the reasons that follow, this argument is adopted.

15. Plaintiff argues that the ALJ needed a medical opinion, even the "other source" opinion of a chiropractor, to substantiate the RFC finding and cannot assess raw medical data as a lay person (Docket No. 8, Pl. Memo. at 11-13).

16. Dr. Taylor opined on September 16, 2016 (about one week after the claimed onset date), that Plaintiff had total 100% disability (R. at 316, 330, 21), but the ALJ gave this opinion little weight because a chiropractor was not an acceptable medical source, see 20 C.F.R. §§ 404.1527, 414.927, and the opinion was rendered about one week after Plaintiff's initial injury (R. at 21). The ALJ found this opinion "overstated the degree of the claimant's limitations compared to objective findings in the record" (R. at 21). The ALJ also identified points in that opinion deemed to be "somewhat vague" as to being prolonged and regarding repetitive motion (R. at 21).

17. Plaintiff, however, argues that the ALJ did not consider Dr. Taylor's subsequent treatment records (Docket No. 8, Pl. Memo. at 14). After treating Plaintiff for two years after his September 2016 evaluation, Dr. Taylor again opined on September 14, 2018, that Plaintiff remained unable to return to work and was totally disabled (R. at 376, 21, citing Ex. 8F at 2; Docket No. 8, Pl. Memo. at 14).

18. While the ALJ cites to both the 2016 and 2018 opinions (R. at 21), the ALJ did not distinguish the 2018 opinion. The repeated findings two years later support the conclusion that Plaintiff's condition was prolonged; thus, the ALJ's finding lacks substantial evidence since it fails to consider the 2018 opinion.

19. Plaintiff also faults the ALJ in not properly weighing Dr. Taylor's opinion under the six factors used to access other source opinions, namely the length and frequency of the treating relationship; the nature and extent of the relationship; the

amount of evidence the source presents to support the opinion; the consistency of the opinion with the record; the source's area of specialization; and any other factors, Tolliver v. Astrue, No. 12CV42, 2013 WL 100087, at *3 (W.D.N.Y. Jan. 7, 2013) (Skretny, C.J.) (citing 20 C.F.R. § 416.927(d)) (id. at 13), see 20 C.F.R. §§ 404.1527, 416.927.  The ALJ did note the chiropractor's findings were not consistent with the medical record (R. at 21), the ALJ did not consider the length and frequency of the treating relationship, the nature and extent of the relationship, or factor Dr. Taylor's specialization as a chiropractor.

20.     Defendant argues that the 2018 opinion is conclusory and an opinion on the ultimate issue of disability (Docket No. 9, Def. Memo. at 12-13).  The 2018 opinion, however, was supported by Dr. Thomas' treatment from September 2016 to September 2018 (R. at 377-587).

21.     While the ultimate determination of disability is reserved to the Commissioner, 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1), as non-recognized medical treating source, the findings and opinion of a chiropractor needed appropriate weight.  The ALJ here rests his findings only on 2016 evaluation.  While immediately after Plaintiff's injury, consideration of that alone is incomplete.  The ALJ needed to also consider the intervening treatment notes that support Dr. Taylor's 2018 opinion.

22.     On December 16, 2016, Dr. Dave examined Plaintiff and opined that she had moderate limitations for bending, twisting through the thoracolumbar spine, lifting, carrying, pushing, and pulling (R. at 297).  The ALJ then found this opinion was somewhat vague as to specific type and extent of limitations (R. at 21).  The ALJ considered but dismissed Dr. Dave's opinion that Plaintiff had mild limitation in sitting and standing,

concluding that the record (including chiropractic treatment notes) did not support finding an inability to sit, stand, or walk for light work (R. at 21).

23. The ALJ relies, in part, on Dr. Thomas' treatment notes to give less weight to Dr. Dave's evaluation. The ALJ seems to want to give weight to Dr. Thomas' findings when supportive of a light work RFC but not find any disability.

24. Upon remand, the ALJ should reconsider Dr. Dave's evaluation with Dr. Thomas' finding and opinions.

25. This Court need not determine whether the ALJ based the RFC on his lay opinion.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 8) is GRANTED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 9) is DENIED.

FURTHER, that this case is REMANDED to the Commissioner of Social Security for further proceedings, consistent with this decision.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.

Dated:     March 4, 2021
           Buffalo, New York

                                              s/William M. Skretny
                                            WILLIAM M. SKRETNY
                                          United States District Judge